FORM TO BE USED BY PRISONERS IN FILING AN ACTION UNDER
28 USC § 1331 And 1346 (b)

**FILED**

IN THE UNITED STATES DISTRICT COURT

NOV 1 7 2005

FOR THE DISTRICT OF COLUMBIA

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CASE NUMBER   1:05CV02237

FRANK A. SKINNER, FEDERAL REG. NO. 02727-025,    JUDGE: Richard W. Roberts

USP· Hazelton Official    PoB 450 ,    DECK TYPE: Pro se General Civil

(Enter above the full name and Inmate Number of each plaintiff in this action DATE STAMP: 11/17/2005

Bruceton mills, WV 26525   (Sky View)

vs.

UNITED STATES OF AMERICA, BUREAU OF PRISON-DIRECTOR HARLEY LAPLIN,
CLINICAL DIRECTOR RAMIREZ, MID-ATLANTIC REGION DIRECTOR K. WHITE,
USP ATLANTA-WARDEN G. MALDONADO, A.W. YARK, P.A. M. ITTAYEM,
COUNSELOR R. CRAIG AND USP HAZELTON WARDEN AL HAYNES, HEALTH CARE
ADMINISTRATOR V. PURI, R.N. D. BOYLES

(Enter above the full name of each defendant in this action. DO NOT USE "ET AL.").

I.  PREVIOUS LAWSUITS

A.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

   __X__ YES      _____ NO

B.  If your answer to "A" is "yes", describe each lawsuit in this space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

   1.  Approximate date of filing lawsuit: _July 11, 2004, served August 13, 2004_

   2.  Parties to previous lawsuit:

      Plaintiff(s) _Frank A. Skinner_

      Defendant(s) _United States Department of Justice, et. al_

   3.  Court: (If federal, name the district; if state, name the county).
       _United States District Court For The District of Columbia_

   4.  Docket Number: _04-1376 (RWR)_

   5.  Name of judge to whom case was assigned: _Richard W. Roberts_

   6.  Disposition: (Was the case dismissed? appealed? still pending?)
       _Still pending - 5 U.S.C. § 552a, Privacy Act_

**RECEIVED**

OCT 2 0 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

   7.  Approximate date of disposition: _Appeals Court D.C. Circuit No. 05-5284_

II. PLACE OF PRESENT CONFINEMENT: ___UNITED STATES PENITENTIARY HAZELTON___

A. Is there a prisoner grievance procedure in this institution?

___X___ YES _____ NO

B. Did you present the facts relating to this complaint in the Fed. prisoner grievance procedure?

___X___ YES _____ NO

C. If your answer to "B" above is "Yes":

1. What steps did you take? ___On 3/16/05, I filed a BP-8 at USP-Atl., 5/3/05 a BP-9 at___ ___USP-Haz. and Handwritten BP-10. Refiled 5/10/05 BP-8, at USP-Haz., 5/18/05 BP-9,___ ___5/30/05 BP-10, 6/17/05 BP-11, exhaustion. On 5/24/05 Form 95, FTCA-Tort Claim.___

2. What was the result? Denial of emergency relief and denied appropriate medical treatment by urin-ologist recommended through Dr. Langley on Tort Claim.

D. If your answer to "B" above is "no," explain why not:

_____

_____

III. PARTIES TO THIS SUIT:

A: Name, Inmate Number, and Address of each plaintiff:

___Frank A. Skinner, Federal Register Number 02727-025 U.S.P. Hazelton Official P.O.___ ___Box 450 / Inmate Box 2000, Bruceton Mills, West Virginia 26525___

B: Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: ___United States of America (Justice Department 950 Pennsylyania Ave. N.W.___ ___Washington D.C. 20530).___

Defendant #2: ___Bureau of Prison's, Director Harley Laplin, Clinical Director Ramirez___ ___(320 First Street N.W. Washington D.C. 20534).___

Defendant #3: ___United States Penitentiary Atlanta, Warden G. Maldonado, Asst. Warden___ ___Yark., Counselor R. Craig, P.A. Ittayem (601 McDonough Blvd. Box 150160 Atl. Ga 30315___

Defendant #4: ___Mid-Atlantic Region, K. White (10010 Junction Dr., Suite 100, Annapo-___ ___list Junction, Md. 20701) United States Penitentiary Hazelton, Warden Al. Haynes,___ ___Health Care Admr. V. Puri & R.N. Boyles (P.O. Box 450 Bruceton Mills, WV. 26525).___

IV. STATEMENT OF CLAIM

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra pages if necessary).

_____

_____

_____

**— SEE ATTACHED PAGE —**

_____

_____

2

IV. STATEMENT OF CLAIM

While exercising in the gym of U.S.P. Atlanta I obtained a personal injury to my
testicles - groin area and leg - left side.  Qualified health personel, P.A. Ittayem
under the Bureau of Prison denied my medical attention twice in the course of 5-6
months.  When I filed a Informal Resolution, Counselor R. Craig hid the grievance.
Assistant Warden Yark during Warden G. Maldonado authority state: " It will be
looked into."  But on April 14, 2005 I was transfered in retaliation because of
Washington, D.C. litigation without property, legal materials etc. to U.S.P.
Hazelton.  I continued the Administrative Remedy procedure against staff at U.S.P.
Atlanta and U.S.P. Hazelton.  Warden Al Haynes denied immediate medical relief
and Health Care Administrator V. Puri refused request to release my **Medical Records.**
Then R.N. Boyles stopped the application for a walking cane, now that I can barely, walk,
sit, or stand. On August 4, 2005 I was reviewed by Dr. Langley of the Medical Science
Center Hospital WV.  Prison Officials refused to release the **Medical Records** for
the examination that I required treatment through a urinologist.  Mid-Atlantic Region
K. White response were the same inconsistancy on the grievance and tort claim.  The
Clinical Director Ramirez under B.O.P. Director Harley Laplin, Washington, D.C.
listed a ultrasound contrary to Dr. Langley conclusion.  In this action I challenge
the National New Law enacted October 3, 2005 to charge inmates for medical service.
On October 5, 2005 Monogalia General Hospital scheduled an appointment ( inwhich I
have not received.)   The United States Government and Federal Officials has been
negligent/deliberate indifference to my medical needs. see, attached support.

Therefore, each Government Staff is sued in their Official

and Individual capacity.

V.  RELIEF: State briefly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

1). G.I. Consultant  2). Testing  3). X-Ray etc.  4). Urionologist  5). M.R.I.,

6). Cat Scan  7). Rectal Exam.   Damage estimation: $ 1 Million dollars.  A). Medical

Negligence  B). Pain and Suffering  C). Constitutional 8th, 5th  D.) History-Admin.Responses

E). In Camera or De Novo review of Medical Records.

Signed this _____10TH____ day of ___October___ , 19/2005

         (date)          (month)         (year)

                     _Frank A. Skinner_

                 (Signature of _each_ plaintiff)

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on: ___October 10, 2005___

               date

                     _Frank A. Skinner_

                 (Signature of _each_ plaintiff)

## VI. CERTIFICATE OF SERVICE

I, hereby certify the information therein to be served to the following describe below through the United States Postal Service. [ Determined by order from the United States District Judge.]

Clerk of Court
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
333 CONSTITUTION AVE., N.W.
WASHINGTON, D.C. 20001

United States Attorney A. Gonzales
UNITED STATES DEPARTMENT OF JUSTICE
CONSTITUTION AVE. TENTH ST. N.W.
WASHINGTON, D.C. 20530

JUSTICE DEPARTMENT
950 PENNSYLVANIA AVE., N.W.
WASHINGTON, D.C. 20530

B.O.P. DIRECTOR H. LAPLIN
BUREAU OF PRISON'S
320 FIRST ST., N.W.
WASHINGTON, D.C. 20534

CLINICAL DIRECTOR RAMIREZ
BUREAU OF PRISON'S
320 FIRST ST., N.W.
WASHINGTON, D.C. 20534

MID- ATLANTIC REGION DIRECTOR K. WHITE
REGIONAL OFFICE
10010 JUNCTION DR. SUITE 100
ANNAPOLIS JUNCTION, MD. 20701

WARDEN G. MALDONADO, A.W. YARK,
P.A. M. TITAYEM, COUNSELOR R. CRAIG
UNITED STATES PENITENTIARY ATLANTA
601 MCDONOUGH BLVD., S.E.
P.O. BOX 150160
ATLANTA, GEORGIA 30315

WARDEN AL HAYNES, HCA. V. PURI,
R.N.D. BOYLES
UNITED STATES PENITENTIARY HAZELTON
P.O. BOX 450, INMATE BOX 2000
(SKYVIEW)
BRUCETON MILLS, WV. 26525

_Frank A. Hanne_
In Pro Se
U.S.P Hazelton Box 2000
Bruceton Mills, WV. 26525
Date: October 20, 2005

FRANK A SKINNER JR, 02727-025
HAZELTON USP    UNT: F    QTR: F01-111L
P.O. BOX 450
BRUCETON MILLS,  WV 26525

**Administrative Remedy No. 376789-A1**
**Part B - Response**

You request emergency relief in the form of a consultation with a
gastrointestinal specialist, x-rays, examination by a neurologist
and Magnetic Resonance Imaging (MRI) studies of your testicles,
groin area, and left leg.

Our review of this matter reveals that both the Warden and the
Regional Director have adequately addressed your concerns.
Relevant portions of your medical record have been reviewed
which reveal you have received medical care and treatment for
your complaints of groin discomfort.  You have been examined,
prescribed appropriate medication and provided education
regarding treatment.  You are scheduled to be evaluated by the
Regional Medical Consultant regarding your medical condition.  An
appointment has been scheduled and will take place in the future.
The Clinical Director determined the appropriate recommendations
have been provided and that emergency relief in the form of a
consultation with a gastrointestinal specialist, x-rays,
examination by a neurologist and Magnetic Resonance Imaging (MRI)
studies of your testicles, groin area, and left leg is not
clinically indicated at this time.  You are encouraged to
cooperate with staff to enhance their ability to provide
essential medical care.

It is evident you have received prompt, professional medical care
consistent with reasonable community standards and Bureau of
Prisons' policy.  Should there be a significant change in your
condition, you are encouraged to attend sick call to be
reevaluated.

Your appeal is denied.


July 12, 2005
Date

Harrell Watts, Administrator
National Inmate Appeals

05 2237

FILED

NOV 1 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __SKINNER, FRANK A.__          __02727-025__     __F1__     __U.S.P. Hazelton__
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

Part A—REASON FOR APPEAL   8TH. AMEND., INCONSISTENCY / DUE PROCESS / MEDICAL EMERGENCY
                           Justice Dept., B.O.P. 18 U.S.C. §§ 4042, 4082

      In violation to C.F.R., Code of Federal Regulation, 8th. & 5th. Constitutio-
al Rights with Statutory law infringement ; The Mid-Atlantic Regional Director, Region Medical Doctor,
U.S.P. Hazelton Warden, Health Care Admr. and RN #3 denied request for immediate Medical care to
documented treatment.

                FACT
      Clinical support for a G.I. consultant was documented in the medical records.
As recent as June, Dr. P. Das state through further examination my groin cord was trapped contradicting
the diagnosis of epididymitis by the Region Dr. Ramirez. Which insist on application to the PPD-TB
test, annual XRays covered such procedure March 11, 2005 and not due to March 11, 2006 in my files.
These inconsistencies prove vital to "deliberate indifference" to my medical needs. Estelle v. Gamble,
429 U.S. 97 (1976).

              RELIEF AND CLAIM
      I've seen the Regional Medical Doctor, Institution Doctor and present P.A. but
yet have not been reviewed from written Consultant : 1) G.I. consultant 2) Testing 3) XRays etc. 4) MRI
5) Neurologist 6) Cat Scan 7) Rectal exam. All or more treatment for injury to testicles - groin, leg-left
side. [Which federal officials refuse to address leg injuries in exhaustion of special action] I seek resolution
__JUNE 17, 2005__ to drop when necessary ✱.

_____        _Frank A. Skinner_
DATE                              SIGNATURE OF REQUESTER

Part B—RESPONSE

_____        GENERAL COUNSEL
DATE

ORIGINAL: RETURN TO INMATE       CASE NUMBER: __376789-A1__

Part C—RECEIPT                   CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____        _____
DATE                         SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

Printed on Recycled Paper

BP-231(13)
APRIL 1982

USP LVN

ADMINISTRATIVE REMEDY REGIONAL APPEAL
PART B - RESPONSE

Date Filed: June 6, 2005                    Remedy I.D. No: 376789-R1

You appeal the Warden's response to your Request for Administrative
Remedy. You request emergency relief in the form of a consultation with
a gastrointestional specialist, x-rays, examination by a neurologist,
and Magnetic Resonance Imaging (MRI) studies of your testicles, groin
area, and left leg. Additionally, you report you filed a Tort Claim
related to your injury.

Review of your appeal with institution staff indicates your medical
condition has been thoroughly evaluated and assessed. Review of your
medical record reveals on January 6, 2005, you report a groin injury,
sustained while exercising, seven days earlier. Following examination
and treatment, you were instructed to refrain from exercising for a
period of thirty days. On April 21, 2005, you returned to the clinic
with continued complaints of left groin discomfort. Following
evaluation, you were prescribed appropriate treatment and medication
based on your presenting symptoms. You returned to the clinic on
May 3, 18, and 30, with similar complaints. On May 31, 2005, you were
examined by the Regional Medical Consultant. Physical examination
revealed no testicular tenderness and no evidence of hernia or other
abnormality. A diagnosis of epididymitis, or inflammation or infection
of a duct that lies on the posterior surface of the testicle, was
completed. Your were instructed to utilize a athletic supporter,
advised to refrain from heavy lifting, and prescribed an oral anti-
inflammatory medication for a period of sixty days. Your medical plan
of care, developed and implemented by your primary care provider team,
after consultation with the Regional Medical Consultant, is appropriate
and complete. Your condition has been sufficiently addressed and
prescribed treatment and medication is adequate. There is no clinical
evidence to support your request for emergency relief in the form of a
consultation with a gastrointestinal specialist, x-rays, examination by
a neurologist, and Magnetic Resonance Imaging (MRI) studies of your
testicles, groin area, and left leg. You are encouraged to continue to
work with your primary care provider team for other health care related
issues and concerns.

The Administrative Remedy Process does not address claims related to
injuries. Please refer to the Federal Tort Claims Act for this purpose.

Your appeal of the Warden's response is denied. If you are dissatisfied
with this response, you may appeal to the General Counsel, Federal
Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534. Your
appeal must be received in the General Counsel's Office within 30 days
from the date of this response.

JUN 1 4 2005

_____                _____
Date                                   K. M. White, Regional Director
                                       Mid-Atlantic Regional Office

U.S. Department of Justice

Federal Bureau of Prisons

Regional Administrative Remedy Appeal

Type or use ball–point pen. If attachments are needed, submit four copies. One copy of the completed BP–DIR–9 including any attachments must be submitted with this appeal.

From: _SKINNER, FRANK A._    _02727-025_    _F1_    _U.S.P. Hazelton_
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A—REASON FOR APPEAL    5ᵀᴴ AMEND./MEDICAL EMERGENCY

Justice Dept., B.O.P. 18 U.S.C. §§ 4042, 4082

Restrict from immediate Medical Care through 28 C.F.R. § 551.5 in violation of the Constitutional Rights Of Prisoner's, PART I. § 10.3, Right to Medical Aid (Due Process protection of an inmate life and Health under administrative actions). AL Haynes, Warden; V. Puri, Health Care Admr.; RN#3 Bolyd, Medical Services - Bar federal official Immunity.

FACT

P.A. Whitener, U.S.P-Hazelton has document in high standard the increase failure to condition [barely walk ability, numb sensation, pain lower abdomen and hynia forming] toward a injury sustain at U.S.P.-Atlanta. See, BP9 FACT and Warden response attached.

CLAIM

Emergency relief: 1. G.I. consultant 2. Testing 3. X Rays etc. 4. Neuroradiologist exam 5. MRI on injury to testicles - groin area, leg - left side. Estelle v. Gamble, 429 U.S. 97 (1976) Denied, "delayed" or refusal of medical. Which I seek to resolve under treatment either mandatory grievance completion with Federal Question Jurisdiction. Also, see Tort filed 5-25-05, Sensitive Complaint for agency information all locate Mid-Atlantic Region.

_May 30, 2005_    _Frank A. Skinner_
DATE    SIGNATURE OF REQUESTER

Part B—RESPONSE

RECEIVED
JUN 6 2005
BUREAU OF PRISONS
MARO REGIONAL COUNSEL

_____    _____
DATE    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE    CASE NUMBER: _____

Part C—RECEIPT    CASE NUMBER: 326789-R1

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

BP-230(13)

REQUEST FOR ADMINISTRATIVE REMEDY
ADMINISTRATIVE REMEDY #376789-F1

You have filed a Request for Administrative Remedy in which you
request to have emergency medical treatment for a left side groin
injury.

Our investigation into the matter indicates that you first
reported the injury seven days after it happened to medical staff
at USP Atlanta on January 6, 2005.  You were evaluated, treated,
and instructed not to exercise for 30 days.  You were transferred
to USP Hazelton on April 13, 2005.  On April 21, 2005 you were
evaluated, diagnosed, and treated by medical staff, you were
given antibiotic therapy, and naprosyn 250 mg.  On May 3, 2005
you were once again evaluated, diagnosed, and treated for the
left sided groin injury.  The treatment regimen was Tylenol 325
mg., consultant written for further evaluation, and you were
instructed to do no strenuous activities.  On May 18, 2005 you
reported to sick call continuing to complain of left sided groin
pain.  You were evaluated, diagnosed, and treated.  Convalescent
was given until May 30, 2005, and instructed to apply ice three
times daily.

Based upon the foregoing, it is our determination that your left
sided groin pain is being addressed.  A consultant has been
written, and you will be seen by a medical doctor in the near
future.  Your request is therefore denied for emergency
treatment.

If dissatisfied with this response, you may appeal to the Mid-
Atlantic Regional Director, Federal Bureau of Prison, Junction
Business Park, 10010 Junction Drive, Suite 100-N, Annapolis
Junction, Maryland 20701.  Your appeal must be received in the
Regional Office within 20 days of the date of this response.

_____                 _____
Al Haynes                                5/24/05
Warden                                   Date

U.S. DEPARTMENT OF JUSTICE    REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **SKINNER, FRANK A.**      **02727-025**      **F1**      **U.S.P Hazelton**
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A- INMATE REQUEST    **RE-SUMMON MEDICAL EMERGENCY**

Justice Dept., B.O.P - 18 U.S.C. §§ 4042, 4082
  As required under 28 C.F.R. § 551.5 - Restrictions and exceptions, The
Warden may impose restrictions or exceptions for documented medical reasons:
  P.A. Whitener / U.S.P - Hazelton has document with continue observa-
tion by skills, diligently the injury sustain while at U.S.P - Atlanta.
  1.) G.I. consultant 2.) Testing 3.) X Rays, etc.
    **FACT**
  Qualified health personnel pursuant 28 C.F.R. § 500.1 (i) under the
Bureau of Prison's at U.S.P Atl. In violation to 28 C.F.R. § 549 Medical service twice / on
March 14, 05 P.A. ITTAYEM in the course of 5-6 mos. were "deliberate indifference" to my
medical needs. Upon review to my testicles and left leg injury from exercise, the X-Ray Technician
advised me during annual TB testing that an neuroradiologist exam and or MRI is necessary by
professional. Estelle v. Gamble, 429 U.S 97 (1976) Denied, delayed and refusal of medical.
    **RELIEF**
  Since federal prisoner knowledge to regulation, rules to procedure I file
Informal again May 10, 05 complete May 23, 05 with remarks under Mid-Atlantic Regional instruction
May 13, 05 also, see attach BP8 and Notice / on going
May 18, 2005    pain convalescent status.
DATE      *Frank A. Skinner*
   I seek help! to resolve matter †    SIGNATURE OF REQUESTER

Part B- RESPONSE

Please see attached.

          05-19-05 15:48 RCVD

_____    _____
DATE    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE    CASE NUMBER: **376789-F1**

           CASE NUMBER: _____

Part C- RECEIPT

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____
DATE    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP 1 VN    PRINTED ON RECYCLED PAPER    BP-229(13)
APRIL 1982

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 13, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO  : FRANK A SKINNER JR, 02727-025
      HAZELTON USP    UNT: F    QTR: F01-111L
      P.O. BOX 450
      BRUCETON MILLS,  WV 26525


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 374890-R1        REGIONAL APPEAL
DATE RECEIVED   : MAY 12, 2005
SUBJECT 1       : MEDICAL CARE - IMPROPER OR INADEQUATE
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REMARKS         : IF THIS IS AN ONGOING MEDICAL ISSUE RESUBMIT AT
                  THE INSTITUTION LEVEL ON AN 81/2.  WITH A CURRENT
                  DATE OF ISSUE.



DATE: October 25, 2004
SUBJECT: Administrative
Remedy Program
PAGE: Attachment A

## UNITED STATES PENITENTIARY HAZELTON

### REQUEST FOR ADMINISTRATIVE REMEDY
### INFORMAL RESOLUTION FORM

Bureau of Prisons Program Statement 1330.13, Administrative
Remedy Procedures for Inmates, states that before the inmate
seeks formal review of a complaint, he must try to resolve the
complaint informally before the inmate will be given an
Administrative Remedy Form.  The informal resolution process
should be completed within five (5) working days.

| INMATE'S NAME: SKINNER, FRANK | REG. NO. 02727-025 | UNIT: F1 |
|---|---|---|

1.  Specific Complaint: *Obtaining an injury to my testicles and leg (left side) from exercise while confined at U.S.P Atlanta. I arrive here to U.S.P Hazelton 4/14/05 then (2) weeks later P.A. Whitener document that the above inmate require G.I. consultant, x-rays ect. On May 9, 2005 Counselor Huffman denied to provide the inmate a BP-10 to exhaust procedure upon U.S.P Atlanta officials, see handwritten filed at Region*

    Relief Requested: *Immediate care - Medical Emergency on injury sustain (G.I. consultant, x-rays ect.) document to resolve complaint or incorporate both penal facility.*

3.  Date of Incident: *6-7 mos. ago, see sick-call slip - U.S.P. Haz*

4.  Date Informal Resolution Form Issued to Inmate: *05-10-2005*

5.  Date/Time Informal Resolution Form Received From Inmate: *05-10-2005*

6.  Date/Time Informally Discussed With Inmate:

7.  Staff Response: *On 5-3-05 at 1330 you were evaluated by medical staff. Your particular issues were documented and a treatment plan was advised. A consult was written for further treatment. This issue is not one of an immediate action. If your condition worsens please report to sick call to be triaged and re-evaluated, otherwise please watch callout for your consult visit.*

8.  Date Administrative Remedy Provided:

9.  Informal Resolution **was/was not** accomplished:

| Inmate's Signature/Register Number: *F. Skinner* | Date: 5/13/05 |
|---|---|
| Staff Member's Name and Title: *HJC, RHA* | Date: 5-12-05 |
| Unit Manager's Signature: | Date: 5/13/05 |

BP-A148.055
SEP 98
**INMATE REQUEST TO STAFF**

**U.S. DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Health Care Admr. V. Puri | DATE: 5/23/2005 |
|---|---|
| FROM: F. SKINNER | REGISTER NO.: 02727-025 |
| WORK ASSIGNMENT: (CMPD) orderly | UNIT: F-1 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.

On May 23, 05 the Health Service Dept.
R.N. #3 Boydes spoke about a BP-9 filed about my
medical condition. Due to this incidenct I request
an complete copy of my Medical Records pursuant
to Freedom Information / 28 C.F.R. § 513.50 Privacy
Act.

Thank YOU!

NOTE: c.c.                                        F. Skinner

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER        **SECTION 6**

**U.S. Department of Justice**

Federal Bureau of Prisons

*Mid-Atlantic Regional Office*

June 13, 2005

*10010 Junction Drive, Suite 100-N*
*Annapolis Junction, MD 20701*

Frank A. Skinner
Reg. No. 02727-025
United States Penitentiary
P.O. Box 2000
Bruceton Mills, WV 26525

Re: Administrative Tort Claim Number TRT-MXR-2005-03222

Dear Mr. Skinner:

This will acknowledge receipt on May 31, 2005, of your administrative tort claim for alleged personal injury at USP Hazelton, West Virginia on or about May 24, 2005. You claim a sum certain of $1,000,000.00.

Under the provisions of the Federal Tort Claims Act, 28 U.S.C.§2675, we have six months from the date of receipt of your claim in this office, to review, consider, and adjudicate your claim.

Should your claim include an allegation of loss of or damage to personal property, pursuant to 28 C.F.R., §14.4(c), you are required to include with your claim an itemized list of the property lost or damaged. If possible, for each item, please state its value, date and place of purchase. If the property was purchased in a Federal institution, submit the commissary receipt. If the property was not purchased in a Federal institution, submit a copy of the receipt of purchase. If you do not have a receipt please state as such, and list the place purchased, for example: name of store, address, state, date and cost for each item alleged lost or damaged. Failure to respond within 30 days of this letter will delay the investigation of your claim. *If you have already included these items do not re-submit.*

All correspondence regarding this claim should be addressed to: Regional Counsel, Federal Bureau of Prisons, Mid-Atlantic Regional Office, 10010 Junction Drive, Annapolis Junction, Maryland 20701. When corresponding with this office regarding this tort claim please refer to the above tort claim number. If you have any questions about the status of your claim or if the circumstances surrounding this claim change in any fashion, contact this office immediately. **Also, should your address change, please advise accordingly.**

Sincerely,

Marian Callahan
Assistant Regional Counsel

Frank A. Skinner
Reg. No. 02727-025
USP, Hazelton
P.O. Box 2000
Bruceton Mills, W.V. 26525

June 27, 2005

Marian Callahan
Assistant Regional Counsel
B.O.P./Mid-Atlantic Region Office
10010 Junction Drive, Suite 100-N
Annapolis Junction, MD. 20701

RE: Personal Injury Tort No. TRT-MXR-2005-03222

Dear Ms. Callahan:

On May 23, 2005, the Health Care Admr., V. Puri at USP, Hazelton, West Virginia during mainline (lunch time) 11:30 a.m. had been provided a BP-A148.070 Inmate Request to release Medical Records pursuant to 28 C.F.R. § 553.50 by 5 U.S.C. § 552, F.O.I.A. These files were to be presented upon this claim review and/or consideration for adjudicate. R.N.#3 Boyld confirm that the type of injury sustained needed internal surgeon - non external physician. "Such matters takes time consuming and laugh, I've witness inmates dying in wait." Which particular government officials, Warden Al Haynes denied immediate emergency treatment May 24, 2005 on written documented G.I. consultant. Claimant examination through Regional Dr. Ramirez, Institution Dr. Das and P.A. Whitener varies recommendations inconsistent with testicle-groin area, leg-left side injuries. Failure to send federal prisoner to outside specialist, Oxendine v. Kaplan, 241 F.3d 1272(10th cir. 2001).

As of to date, I placed a sick-call slip June 16 & 21, 2005 and never got interviewed, refused medical files, nor obtain discretionary function to receive a walking cane. On May 31, 2005 filed the same day this Federal Tort Claim Act/Medical relief under 28 U.S.C. § 1346 (b) Due Process. The Administration forced a PPD skin test because chest X-rays were no longer optional. If correct assessment to my record was done, T.B. testing would reveal annual service is due next year. But now even after a month has passed, nurse Wright improperly have not check procedure. Staff continue to neglect any complained reason on my leg, Bryant v. Carlson, 652 F.Supp. 1286 (D.D.C. 1986). An inmate complain about left side injury, medical negligence.

## CLAIMS

1). G.I. Consultant   2). Testing   3). X-Ray etc.   4). Neurologist
5). M.R.I.   6). CAT SCAN   7). Rectal Examination.

Damage estimation: $1,000,000.00

    A. Medical Negligence
    B. Pain and Suffering
    C. Constitutional 8th, 5th
    D. History - Administrative Responses.

Page (2)

RE: Personal Injury Tort No. TRT-MXR-2005-03222
Frank A. Skinner Cont.

    Your office would have to seek record or files disclosure. Thank
you for your assistance thus far.

P.S. In resolution medical care.                    Sincerely,

                                        Frank A. Skinner
                                        Reg. No. 02727-025
                                        P.O. Box 450
                                        Inmate Box 2000
                                        (Sky View)
                                        Bruceton Mills, W.V. 26525
                                        Date: June 27, 2005

Frank A. Skinner
Reg. No. 02727-025
USP, Hazelton
P.o. Box 2000
Bruceton Mills, WV. 26525

                         August 04, 2005
                            Part II

Marian Callahan
Assistant Regional Counsel
B.O.P./Mid-Atlantic Reagion Office
10010 Junction Drive, Suite 100-N
Annapolis Junction, MD. 20701

RE: Personal Injury Tort No. TRT-MXR-2005-03222

Dear Ms. Callahan:

     On July 8, 2005, this Office forwarded to U.S.P. Hazelton
a copy of the Federal Tort Claim Act/Medical relief under 28
U.S.C. § 1346(b) Due Process. I was called to the Lt. Office
by error for personal property but rerouting my personal in-
jury to Medical Service came promptly. Then [August 4, 2005]
I obtained Medical leave escort from the prison Health Care
Administration.

     Dr. Langley along with Med-intern student at Medical Scien-
ce Central Hospital in Morgantown WV., connection with West
Virginia University examination (General Surgeon) room, 4th Fl.,
spoke and or clarified that " your in the wrong department" Mr
Skinner, you need to be seen by a urinologist,where is your med-
ical file ? So, as of the basic point in time, staff has been
trying to schedule treatment through an appropriate specialist.
Subject Matter Jurisdiction toward negligence invokes due pro-
cess, absent medical records. Miller v Stanmore, 636 F,2d 986
(1981).

                              Sincerly,

                              Frank A. Skinner
                              Reg No. 02727-025
                              P.O. Box 450
                              Inmate Box 2000
                              (Sky View)
                              Bruceton Mills, WV. 26525
                              Date: August 04, 2005

MILFORD SLADER, Petitioner, v. FEDERAL BUREAU OF PRISONS, United States Department of Justice and GINGER JONES, Administrator, Health Service Division, Respondents.

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN

2005 U.S. Dist. LEXIS 16211

05-C-382-C

July 29, 2005, Decided

**Editorial Information: Prior History**

Slader v. Fed. Bureau of Prisons, 2005 U.S. Dist. LEXIS 14434 (W.D. Wis., July 13, 2005)

**Counsel**        For MILFORD SLADER, Plaintiffs: MILFORD SLADER.
                   For FEDERAL BUREAU OF PRISONS, Defendants: STEPHEN SINNOTT, ACTING U.S. ATTORNEY, MADISON, WI.

**Judges:** BARBARA B. CRABB, District Judge.

### Opinion

**Opinion by:**        BARBARA B. CRABB

ORDER

This is a proposed civil action brought under the Freedom of Information Act, 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a . Petitioner Milford Slader contends that respondents Federal Bureau of Prisons and Ginger Jones have violated these statutes by failing to comply with his request for certain medical records. Petitioner asks for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915 . From the financial affidavit petitioner has given the court, I conclude that petitioner is financially unable to prepay the full fees and costs of starting this lawsuit. Petitioner has submitted the initial partial payment required under § 1915(b)(1) .

In addressing any pro se litigant's complaint, the court must construe the complaint liberally. *Haines v. Kerner,* 404 U.S. 519, 521, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972) . However, if the litigant is a prisoner, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed if the prisoner's complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) .

From his complaint and the attached documents, I understand petitioner to be alleging the following.

ALLEGATIONS OF FACT

Petitioner Milford Slader is currently incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. Respondent Federal Bureau of Prisons is an agency of the United States Department of Justice. Respondent Ginger Jones is the Health Services Administrator at the Federal Correctional Institution in Oxford.

In a request dated April 14, 2005 and addressed to "Medical Records," petitioner asked for copies of the following documents:

Dr. Reed's medical reports, diagnostical reports, medical references, photo's and x-rays of left

© 2005 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

foot from March 1, 2003 to April 17, 2003.

Doctor's medical reports, diagnostical reports, medical referrals, x-rays, photo's of left and right foot from April 17, 2003 to September 1, 2004.

Petitioner requested these documents because he intends to file a civil rights action against medical personnel at the institution and needs the documents to prove a violation of his Eighth Amendment protection against cruel and unusual punishment. In his request, petitioner indicated that portions of his medical records had been released to him but that they were inaccurate. Petitioner did not receive a response to his request. On May 17, 2005, petitioner sent a letter to the Federal Bureau of Prisons, Office of General Counsel. In the letter, petitioner stated that he had made a request for the medical records on April 14, 2005 and that he received a response from the institution's medical department on April 15, 2005 indicating that his request had been received. Petitioner stated further that on May 10, 2005, he attempted to resolve the matter through the "BOP Grievance Remedy" but that he was unsuccessful because he had "created unnecessary paper work."

DISCUSSION

A. *Freedom of Information Act and Privacy Act*

Petitioner requests an order from this court compelling defendants to produce the records described above for inspection and copying. The Freedom of Information Act provides that a district court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B) . Under the Privacy Act , an individual may file a civil action when an agency has failed to comply with a request "to gain access to his record or to any information pertaining to him which is contained in the system." 5 U.S.C. §§ 552a(d)(1) and (g)(1)(B) .

Respondent Jones will be dismissed from this case because claims under the Freedom of Information Act and Privacy Act may be brought only against agencies that hold requested records. *Petrus v. Bowen,* 833 F.2d 581, 582 (5th Cir. 1987) ; *Brown-Bey v. United States,* 720 F.2d 467, 469 (7th Cir. 1983) . I cannot say that there is no set of facts consistent with petitioner's allegations that would entitle him to relief against respondent Federal Bureau of Prisons. Although I cannot determine whether the records petitioner seeks fall within the meaning of "agency records" under § 552(a)(4)(B) or are part of respondent's "system of records" within the meaning of §§ 552a(d) and (a)(5) , whether petitioner has sufficiently identified the records he seeks to allow respondent to comply with his request, § 552 (a) (3) (A) and whether the records are not subject to one of the exemptions for disclosure under § 552(b) or §§ 552a(j) and (k) , if respondent believes that disclosure is not required for these or any other reason, it may raise these arguments at the appropriate time. For now, I will allow petitioner to proceed on his claim.

B. *Motion for Protective Order*

Along with his complaint, petitioner submitted a document entitled "Motion for Protective Order" which I construe as a motion for an order enjoining defendants preliminarily from retaliating against plaintiff for filing this lawsuit. Petitioner's motion will be denied. If petitioner believes that he has been the victim of unlawful retaliation for exercising his right of access to the courts, he may raise that claim in a new lawsuit.

ORDER

IT IS ORDERED that

1. Petitioner Milford Slader is GRANTED leave to proceed under 28 U.S.C. § 1915 on his claim that respondent Federal Bureau of Prisons violated his rights under the Freedom of Information Act and the Privacy Act when it failed to turn over accurate copies of the medical records he requested;

© 2005 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

2. Respondent Ginger Jones is DISMISSED from this case;

3. Petitioner's "Motion for Protective Order" is DENIED;

4. The unpaid balance of petitioner's filing fee is $ 230.88; this amount is to be paid in monthly payments according to 28 U.S.C. § 1915(b)(2) .

5. The clerk of court will forward completed Marshals Service and summons forms to the U.S. Marshal, who will serve petitioner's complaint on respondent Federal Bureau of Prisons, the United States Attorney for the Western District of Wisconsin and the United States Attorney General as required by Fed. R. Civ. P. 4(i)(2)(A) . For the remainder of this lawsuit, petitioner must send respondent a copy of every paper or document that he files with the court. Once petitioner learns the name of the lawyer that will be representing the respondent, he should serve the lawyer directly rather than respondent. The court will disregard documents petitioner submits that do not show on the court's copy that petitioner has sent a copy to respondent or respondent's attorney.

6. Petitioner should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

Entered this 29th day of July, 2005.

BY THE COURT:

BARBARA B. CRABB

District Judge

© 2005 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.