UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRANK A. SKINNER**,  )<br>　)<br>　　　Plaintiff,　)<br>　)<br>　v.　　　　　　　　)<br>　)<br>**USA**, *et al.*,　　　)<br>　)<br>　　　Defendants.　)<br>　) | Civil Action No.: 05-2237 (RWR) |

**DEFENDANTS' MOTION TO ENLARGE TIME
TO FILE ANSWER OR OTHERWISE RESPOND TO COMPLAINT**

Defendants, the United States of America and the Federal Bureau of Prisons ("BOP"), respectfully move for an enlargement of time for all Federal Defendants to file an answer or otherwise respond to the complaint in this case pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure. Defendants' response is currently due March 13, 2006. Defendants request an enlargement of time until April 13, 2006, to file an answer or otherwise respond to the complaint.

Plaintiff, a *pro se* prisoner, brings this Bivens action against the United States of America; the Federal Bureau of Prisons; Harley Lappin, BOP Director; Mr. Ramirez, BOP Clinical Director; Kim White, BOP Mid-Atlantic Regional Director; G. Maldonado, Warden USP Atlanta; A.W. Yark; Mahmoud Ittayem, Supervisory Physician Assistant USP Atlanta; Richard Craig, Correctional Counselor USP Atlanta; Al Haynes, Warden USP Hazelton; Vandhna Puri Sharma, Health Services Administrator USP Hazelton; and Harold Boyles, Assistant Health Services Administrator USP Hazelton.[1] Plaintiff has sued each of the federal defendants in their official and individual capacity.

---

[1] In making this motion for an extension of time, defendants Lappin, Ramirez, White, Maldonado, Yark, Ittayem, Craig, Haynes, Sharma, and Boyles do not waive any defense or defenses available to them under Fed. R. Civ. P. 12 or otherwise, including immunity from suit.

Plaintiff has not, however, completed proper service of all of the federal defendants at this time. None of the federal defendants have been served in their individual capacity. Defendant Ramirez, has not been properly identified by plaintiff and has not been served in either his official or individual capacity, and is not currently a party to this action.

Because it is a <u>Bivens</u> action, the individual federal defendants sued in their personal capacities, have the opportunity to request legal representation by the Department of Justice ("DOJ"), pursuant to 28 C.F.R. § 50.15. The decision whether to grant such representation is made by the Torts Branch of DOJ headquarters and, if the request is approved, this Office would likely be appointed as counsel.

The process begins, however, with requests from the federal employees and their respective agencies. In light of the fact that it appears that not all of the individual defendants have been served, it is not surprising that the individuals have not all submitted requests to Torts Branch for DOJ representation. Those individual defendants that appear to have been served at this time have started, but have not completed, the process of requesting DOJ representation from the Torts Branch. Accordingly, this Office cannot yet represent the individual defendants.

Because the defenses of the individual federal defendants as individual defendants will be quite similar, and likely overlap the defenses of the United States, the BOP, and the defendants in their official capacity, it makes sense for the Court to permit this Office to present a single response to the complaint at one time. Therefore, the enlargement will serve judicial economy.

Because plaintiff is a prisoner, appearing here *pro se*, Local Rule 7(m) does not apply and

the undersigned have not made efforts to contact him regarding this motion.[2]

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/

R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


/s/
JOHN HENAULT, D.C. BAR # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-1249

---

[2] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a).

## Certificate of Service

I certify I caused copies of the foregoing Defendant's Motion to Enlarge Time to File Answer or Otherwise Respond to Complaint served by first class mail upon *pro se* plaintiff at:

Frank Skinner
#02727-025
Hazelton USP
P.O. Box 450
Inmate Box No. 2000
Bruceton Mills, WV 26525

on this 1st day of March, 2006.

                                                        /s/
                                            JOHN HENAULT, D.C. BAR # 472590
                                            Assistant United States Attorney