UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C. DIVISION

**RECEIVED**
APR 1 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

FRANK A. SKINNER, )
    Plaintiff, )
)
) CIVIL ACTION No.05-2237(RWR)
v. ) Affidavit/Extension and Order
) pursuant F.R.C.P.,Rule 56(f)
)
UNITED STATES OF AMERICA, et.al. )
    Defendant. )
)

### AFFIDAVIT RULE 56(f) EXTENSION AND ORDER
* * * * * * * * * * * * * *

I, the undersigned, Frank A. Skinner, Federal Reg. No. 02727-025, do hereby apply said Affidavit pursuant to Federal Rule Of Civil Procedure, Rule 56(f) for Extension And Order state the following:

1. I am the plaintiff, a federal prisoner confined presently at the United States Penitentiary Hazelton in Bruceton Mills, West Virginia.

2. This Bivens/Medical Tort Complaint 28 U.S.C.§§ 1331,1346(b) was filed November 17th, 2005, in the United States District Court District of Columbia.

3. March 1st, 2006, the United States Attorney Office D.C moved for enlargement of time so federal defendants have opportunity to request legal representation by the Department of Justice, 28 C.F.R.§50.15.

4. Accordingly, the office could not represent the individual officials but conceded on April 10th, 2006 filing motion to Dismiss or Transfer.

5. Plaintiff asserts that denial of these request made to the Torts Branch of "DOJ" headquarters is revelant to his case.

6. Throughout the action sought information on the ability to file a response, handicapped plaintiff from lack of discovery for submissions that are premature.

7. Further, contend as to date or at any time that the inability to obtain discovery prevents submitting necessary evidence without an extension and order contrary a order to respond appealable will prejudice him offering proof.

8. March 22nd, 2006, plaintiff filed production of Documents For Inspection, cite 28 C.F.R.§513.33 Production of Documents For Court.

9. In a short while, plaintiff acquired identities to A.Yost (Asistant Warden) USP-Atlanta clearly signed service and complaint. R. Ramirez (Clinical Director) Mid-Atlantic Regional Office, seeks the need for additional time for the court to serve under F.R.C.P., Rule 4(c)(2) is in the Interest Of Justice.

10. Opposing Declaration Of Renee Brinker Fornshill, attorney with the General Counsel Office, Federal Bureau Of Prisons that all available Administrative Remedies were exhausted, constructively, or futile.

11. P.L.R.A. Prison Litigation Reform Act provision mandatory step begin at USP-Atlanta to USP/Hazelton, hidden grievance USP. Atl.] **Exhibit #1**; Remedy I.D. 374890 F1,374890R1 handwritten USP. Haz.] **Exhibit #2**, denied proper form.

12. Then complete exhaustion through Remedy I.D. 376789F1, 3767-89R1 and 376789A1 Central Office] see compl. But after plaintiff

2.

could barely walk, sit or stand his grievance for a walking cane was blocked. **Exhibit #3**, Pl.Aff. at 12 DKT. 8.

13. Plaintiff made several attempts to resolve on August 22,2005 /returned August 26,2005/ returned August 29,2005/returned September 1,2005. **Exhibit #4.**

14. Finally, on and after September 28,2005 (27) twenty seven days later Correctional Counselor Dave Huffman state: " The Administration (they) will not process anymore of your grievances concerning medical, co-payment, etc." Although advised the inmate grievances filed for other reasons is possible.

15. When plaintiff developed a rash from the scrotal support for May 31,2005 it was only receive by the second examination August 29,2005 by the Regional Medical Consultant, not documented.

16. Health Care Service, Debt encumbrance $2.00 funds retrospect toward antibiotic cream against medical treatment before and on enactment of the co-payment plan. **Exhibit #5.**

17. In **Starn V. McGuire, 512 F.2d 918,926 (D.C.Cir.1974),** to the extent this case can be taken involving national policy, the policy is that of an agency headquartered in Washington, D.C. The violation to P6031.02- Inmate Co-payment Program occurred when defendants cancell prior recommened medical care. Pl. Aff. at 19 DKT 8.

## CONCLUSION

An inmate who complains that a delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental, serious effect of the delay in medical treatment to succeed. The officials refused to release discoverable materials and on March 22,2006 a Physical Injury Exanination was filed with this Court.

I, __FRANK A. SKINNER__ declare said affidavit/Extension and order under penalty of perjury that the information herein is true and correct to the best of my knowledge. Declaration pursuant to 28 U.S.C. § 1746 and 18 U.S.C.§ 1621.

Executed at __U.S. PENITENTIARY HAZELTON__ this __14__ day of __APRIL__, 2006.

Respectfully submitted,

Frank A. Skinner
Reg.No. 02727-025
USP/Hazelton
Official P.O. Box 450
Inmate Box 2000
(Skyview)
Bruceton Mills, Wv 26525

4.

EXHIBIT #1

## ADMINISTRATIVE REMEDY INFORMAL RESOLUTION FORM

INSTRUCTIONS:
When you are unable to informally resolve the inmate's complaint, complete and attach this report to each BP-9. The BP-9 will not be accepted without this form.

| Inmate Name: SKINNER, FRANK | Reg. No. 02727-025 | |
|---|---|---|
| | Date | Staff Signature |
| Form **Requested** by inmate: | 3-16-05 | R Caj_ |
| Form **Provided** to inmate: | 3-16-05 | R Caj_ |

Inmate's complaint: In violation to 28 C.F.R. § 549, A-C Medical Service twice / March 14, 05 P.A. ITTAYEM in the course of 5-6 mos. has been "deliberate indifference" to my medical needs. Upon review to my testicles and left leg injury from exercise, the X-RAY Technician advised during TB. testing that an neuroradiologist exam and or MRI is necessary by professional. Estelle v. Gamble, 429 U.S. 97 (1976) Denied, delayed and refusal to treatment of medical certain bring action.

Action taken to informally resolve complaint:

| **INFORMAL RESOLUTION ACCEPTED BY:** | Date: |
|---|---|
| Inmate's Signature: | Date: |
| Inmate Name (Printed): | |
| Staff's Signature: | Date |
| Staff Name and Title (Printed): | |

| **INFORMAL RESOLUTION REJECTED BY:** | Date: |
|---|---|
| Inmate's Signature: | Date: |
| Inmate's Name (Printed): | |
| Staff Signature: | Date: |
| Staff Name and Title (Printed): | |
| Date BP-9 Provided to Inmate: | |

Original: Unit Manager (when resolution is accepted) or
Forward with BP-9 (when resolution is not accepted)
Copy: To inmate

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 13, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO  : FRANK A SKINNER JR, 02727-025
      HAZELTON USP    UNT: F    QTR: F01-111L
      P.O. BOX 450
      BRUCETON MILLS,  WV 26525


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID        : 374890-R1        REGIONAL APPEAL
DATE RECEIVED    : MAY 12, 2005
SUBJECT 1        : MEDICAL CARE - IMPROPER OR INADEQUATE
SUBJECT 2        :
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REMARKS        : IF THIS IS AN ONGOING MEDICAL ISSUE RESUBMIT AT
                 THE INSTITUTION LEVEL ON AN 81/2. WITH A CURRENT
                 DATE OF ISSUE.

EXHIBIT #2

## BP-10

From: __SKINNER, FRANK A.__   __02727-025__   __F1__   __USP-Hazelton__
   LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**APPEAL REASON/** In violation to 28 C.F.R § 542.10, P.S 1330.13, Administrative Remedy procedures - On May 9, 2005, F1 Counselor Huffman denied to provide the inmate an appropriate form toward grievance procedure.

### COMPLAINT

Thomas v. Woolum, 337 F.3d 720 (6th Cir. 2003) So long as a grievance is present to prison officials and attempts to appeal through available procedures, he has exhausted his administrative remedies for purposes of P.L.R.A. law, even if the appeal is reject untimely, a majority rule.

I, Frank A. Skinner hereby move forward to implicate all adverse officials as well as Warden Haynes, U.S.P Hazelton in violation of 28 C.F.R. § 551.5 (MEDICAL EMERGENCY) on documented reasons and in furtherance continue to next level, see attached BP-9, Cox v. Mayer, 332 F.3d 422.

### FACT

(1) under the Bureau of Prison's Qualified health personnel pursuant to 28 C.F.R § 500.1 24 U.S.D-Atlanta. In violation to 28 C.F.R. § 549 Medical Service twice on March 14, 05 P.A. ITTHYEM in the course of 5-6 mos. has been "deliberate indifference" to my medical needs. Upon review to my testicles and left leg injury from exercise, the X-RAY Technician advise me during annual TB testing that an neuroradiologist exam and or MRI is necessary by professional. Whether the Mid-Atlantic Regional Office can resolve this complaint indefinite or deny, delay and refusal of medical bring certain action. Estelle v. Gamble, 429 U.S. 97 (1976) B.O.P is held responsible accord 18 U.S.C. §§ 4042, 4082.

NOTE: Supreme Court Judicial applicability when no form, notebook paper, toilet paper ect.

__May 9, 2005__          __Frank A. Skinner__
   DATE                SIGNATURE OF REQUESTER

EXHIBIT #3

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: AUGUST 29, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      HAZELTON USP

TO  : FRANK A SKINNER JR, 02727-025
      HAZELTON USP    UNT: F    QTR: F01-111L
      P.O. BOX 450
      BRUCETON MILLS,  WV 26525

FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 387027-F1       ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED   : AUGUST 29, 2005
SUBJECT 1       : MEDICAL CARE - IMPROPER OR INADEQUATE
SUBJECT 2       :
INCIDENT RPT NO :

REJECT REASON 1: YOU DID NOT SUBMIT YOUR REQUEST THROUGH YOUR COUNSELOR, OR
                 OTHER AUTHORIZED PERSON.

*It has been determined that this is not a sensitive issue. You must file an informal resolution and a BP9. See your Unit Team for the necessary paperwork.*

*Ch. for D. Young*

**U.S. DEPARTMENT OF JUSTICE**  
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Skinner, Frank A.__   __02727-025__   __F1__   __USP-Hazelton__
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A- INMATE REQUEST**

SENSITIVE COMPLAINT BP-9/WARDEN

institution level. While On August 22, 2005, Time 1:30 pm. at U.S.P. Hazelton being examined by R.N. Conscious notice the red irritate testicle, left side, groin area and leg that require a document "Walking cane". But R.N. H. Boyles denied such medical treatment in violation of 28 C.F.R. § 549 MEDICAL SERVICE. after R.N. Conscious informed R.N. H. Boyles. Which was placed within inmate Medical Records accordingly on August 04, 2005, from R.N. Rice; (I'am adversely effected by R.N. H. Boyles).

FACT

a prisoner working To establish necessary regulatory process that allow with the Health Care provider. As mandate to further legal avenues in event when refused, delay and denied Due Care for medical needs or treatment through Federal Officials under the Warden.

__8/22/05__
DATE                                    SIGNATURE OF REQUESTER

**Part B- RESPONSE**

08-29-05 13:50 RCVD

DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                                    CASE NUMBER: __387027-F1__

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

DATE: October 25, 2004
SUBJECT: Administrative Remedy Program
PAGE: Attachment A

UNITED STATES PENITENTIARY HAZELTON

**EXHIBIT #4**

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM

Bureau of Prisons Program Statement 1330.13, Administrative Remedy Procedures for Inmates, states that before the inmate seeks formal review of a complaint, he must try to resolve the complaint informally before the inmate will be given an Administrative Remedy Form. The informal resolution process should be completed within five (5) working days.

| | | |
|---|---|---|
| INMATE'S NAME: SKINNER, FRANK | REG. NO. 02727-025 | UNIT: F1 |

1. Specific Complaint: This Complaint was turned in twice, D. Young, Admn. Remedy Corr. state: A Sensitive Complaint is a conflict with the Warden, send it to the Mid-Atlantic Region, 28 C.F.R. § 542 et.seq, typical grievance issue can be addressed upon the Institution level, there is a conflict with Medical staff, (P.A. Rice) documented condition need of "Walking Cane" (P.A. Conscious) tried to retrieve the walking cane but (R.N. H. Bayles) denied the use.

2. Relief Requested: Reason stated why optional use of walking cane non-applicable use in writting. Since inmate was advise through the (Mid-Atlantic Region Director) to work with the Health Care provider. see, attached BP9- Remedy ID. 387027-F1

3. Date of Incident: August 22, 2005 / Returned 8-26-05, Returned 8-29-05, Returned 9-1-05

4. Date Informal Resolution Form Issued to Inmate:

5. Date/Time Informal Resolution Form Received From Inmate:

6. Date/Time Informally Discussed With Inmate:

7. Staff Response:

8. Date Administrative Remedy Provided:

9. Informal Resolution was/(was not) accomplished:

| | |
|---|---|
| Inmate's Signature/Register Number: | Date: |
| Staff Member's Name and Title: [signature] | Date: 09-28-05 |
| Unit Manager's Signature: | Date: |

EXHIBIT #5

## All Transactions

| | |
|---|---|
| Inmate Reg #: | 02727025 |
| Inmate Name: | SKINNER, FRANK |
| Report Date: | 04/11/2006 |
| Report Time: | 1:51:47 PM |

| | |
|---|---|
| Current Institution: | Hazelton USP |
| Housing Unit: | A |
| Living Quarters: | A01-111L |

| Date/Time | User Id | Transaction Type | Amount | Ref# | Payment# | Balance |
|---|---|---|---|---|---|---|
| 2/22/2006 8:36:32 PM | AMService | Phone Withdrawal | ($1.00) | ITS0222 | | $0.30 |
| 2/16/2006 12:09:50 PM | HAZ9397 | Sales | ($15.25) | 40 | | $1.30 |
| 2/12/2006 5:48:04 PM | AMService | Phone Withdrawal | ($1.00) | ITS0212 | | $16.55 |
| 2/12/2006 1:14:20 PM | AMService | Phone Withdrawal | ($1.00) | ITS0212 | | $17.55 |
| 2/10/2006 11:25:03 AM | HAZ2153 | Payroll - IPP | $15.84 | FIPP0106 | | $18.55 |
| 2/2/2006 11:57:19 AM | HAZ3679 | Sales | ($22.30) | 34 | | $2.71 |
| 2/1/2006 5:19:08 AM | AMSERVICE | Lockbox - CD | $25.00 | 70150501 | | $25.01 |
| 1/11/2006 4:45:43 PM | AMService | Phone Withdrawal | ($2.00) | ITS0111 | | $0.01 |
| 1/9/2006 6:22:16 PM | HAZ3679 | Sales | ($0.10) | 55 | | $2.01 |
| 1/9/2006 5:54:20 PM | HAZ1363 | Sales | ($14.40) | 35 | | $2.11 |
| 1/9/2006 2:42:21 PM | HAZ2153 | Payroll - IPP | $15.84 | FIPP1205 | | $16.51 |
| 12/19/2005 6:33:04 PM | AMService | Phone Withdrawal | ($1.00) | ITS1219 | | $0.67 |
| 12/19/2005 6:06:34 PM | HAZ9397 | Sales | ($9.08) | 42 | | $1.67 |
| 12/12/2005 8:32:38 PM | HAZ9397 | Sales | ($21.65) | 54 | | $10.75 |
| 12/12/2005 9:19:20 AM | HAZ2153 | Legal Fees | ($3.53) | 202 | 203 | $32.40 |
| 12/12/2005 9:18:44 AM | HAZ2153 | Legal Fees | $3.53 | 202-V | | $35.93 |
| 12/12/2005 9:18:40 AM | HAZ2153 | Legal Fees | ($3.53) | | 202 | $32.40 |
| 12/9/2005 2:19:43 PM | HAZ9433 | Payroll - IPP | $11.52 | FIPP1105 | | $35.93 |
| 12/5/2005 5:17:29 PM | HAZ3679 | Sales | $0.90 | 19 | | $24.41 |
| 12/5/2005 5:13:41 PM | HAZ3679 | Sales | ($17.40) | 17 | | $23.51 |
| 11/21/2005 7:25:42 PM | HAZ9397 | Sales | ($31.75) | 51 | | $40.91 |
| 11/20/2005 11:22:47 AM | AMService | Phone Withdrawal | ($2.00) | ITS1120 | | $72.66 |
| 11/17/2005 2:49:25 PM | HAZ2153 | Gift | ($9.99) | | 162 | $74.66 |
| 11/17/2005 2:49:03 PM | HAZ2153 | Gift | ($15.47) | | 161 | $84.65 |
| 11/14/2005 7:13:16 PM | HAZ9397 | Sales | ($12.50) | 46 | | $100.12 |
| 11/14/2005 5:38:34 AM | AMSERVICE | Lockbox - CD | $100.00 | 70145203 | | $112.62 |
| 11/11/2005 2:07:03 AM | AMSERVICE | Inmate Co-pay | ($2.00) | 6HAZD045 | | $12.62 |
| 11/11/2005 2:07:03 AM | AMSERVICE | Debt Encumbrance - Released | $1.78 | 6HAZD045 - 123 | | |
| 11/11/2005 2:07:03 AM | AMSERVICE | Debt Encumbrance - Released | $0.22 | 6HAZD045 - 46 | | |
| 11/10/2005 1:19:41 PM | HAZ2153 | Debt Encumbrance | ($1.78) | 6HAZD045 - 123 | | |
| 11/10/2005 1:19:41 PM | HAZ2153 | Payroll - IPP | $14.40 | FIPP1005 | | $14.62 |
| 10/24/2005 12:54:20 PM | HAZ4649 | Debt Encumbrance | ($0.22) | 6HAZD045 - 46 | | |
| 10/17/2005 5:06:10 PM | HAZ9397 | Sales | ($2.40) | 19 | | $0.22 |
| 10/12/2005 4:53:51 PM | AMService | Phone Withdrawal | ($1.00) | ITS1012 | | $2.62 |
| 10/11/2005 9:37:11 PM | HAZ9397 | Sales | ($13.55) | 121 | | $3.62 |
| 10/8/2005 4:11:25 PM | AMService | Phone Withdrawal | ($1.00) | ITS1008 | | $17.17 |
| 10/6/2005 3:07:51 PM | HAZ2153 | Payroll - IPP | $15.12 | FJV00005 | | $18.17 |
| 9/27/2005 3:38:06 PM | HAZ2153 | Legal Fees | $3.00 | 269-C | | $3.05 |
| 9/12/2005 6:59:18 PM | HAZ3588 | Sales | ($18.10) | 62 | | $0.05 |
| 9/9/2005 9:10:40 AM | HAZ2153 | Payroll - IPP | $16.56 | 5JV00055 | | $18.15 |
| 9/6/2005 6:41:33 PM | HAZ3679 | Sales | ($19.05) | 55 | | $1.59 |
| 9/6/2005 8:06:15 AM | HAZ2153 | Legal Fees | ($3.00) | 268 | 269 | $20.64 |
| 9/6/2005 8:05:53 AM | HAZ2153 | Legal Fees | $3.00 | 268-V | | $23.64 |
| 9/6/2005 8:05:44 AM | HAZ2153 | Legal Fees | ($3.00) | | 268 | $20.64 |
| 9/1/2005 7:36:34 PM | AMService | Phone Withdrawal | ($7.00) | ITS0901 | | $23.64 |
| 9/1/2005 5:29:23 AM | AMSERVICE | Lockbox - CD | $30.00 | 70140301 | | $30.64 |
| 8/28/2005 8:48:14 PM | AMService | Phone Withdrawal | ($1.00) | ITS0828 | | $0.64 |
| 8/15/2005 6:32:09 PM | HAZ3679 | Sales | $0.35 | 60 | | $1.64 |
| 8/15/2005 6:31:09 PM | HAZ3679 | Sales | ($13.30) | 59 | | $1.29 |
| 8/10/2005 10:50:37 AM | HAZ2153 | Payroll - IPP | $14.40 | IS2048 | | $14.59 |

1