UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRANK A. SKINNER** ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 05-2237 (RWR) |
| ) | |
| v. ) | |
| ) | |
| **USA**, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Federal defendants, the United States of America, the Federal Bureau of Prisons ("BOP"), and the ten individual BOP defendants named in their official and personal capacities: Harley Lappin, BOP Director; Mr. Ramirez, BOP Clinical Director; Kim White, BOP Mid-Atlantic Regional Director; G. Maldonado, Warden USP Atlanta; A.W. Yark[1]; Mahmoud Ittayem, Supervisory Physician Assistant USP Atlanta; Richard Craig, Correctional Counselor USP Atlanta; Al Haynes, Warden USP Hazelton; Vandhna Puri Sharma, Health Services Administrator USP Hazelton; and Harold Boyles, Assistant Health Services Administrator USP Hazelton, by and through undersigned counsel, respectfully submit a Reply in support of Defendants' Motion to Dismiss or in the Alternative, To Transfer.  ("Def's. Motion").

Plaintiff's opposition, in summary, argues that (1) the Department of Justice could not represent the defendants but "conceded" to filing a Motion to Dismiss on behalf of the parties, (Pl.'s Opp'n at ¶ 4); (2) that plaintiff filed discovery requests with the court on March 22, 2006, (Pl.'s Opp'n at ¶ 8); (3) that plaintiff exhausted his administrative remedies in this case, (Pl.'s

---

[1] The Federal Bureau of Prisons does not have an employee named A.W. Yark.  See Declaration of Renee Brinker Fornshill.

Opp'n at ¶ 10-16); and (4) that this case involves a national policy question, (Pl.'s Opp'n at ¶ 17). Additionally, plaintiff seeks additional time to serve some of the individual defendants in this case. (Pl.'s Opp'n at ¶ 9).

Plaintiff, however, has failed to provide any basis to rebut defendants' arguments that his complaint suffers from numerous fatal deficiencies and should be dismissed or transferred to the proper venue.

### A.   This Court Lacks Personal Jurisdiction Over the Individual Defendants

Plaintiff fails to address the issue of whether this Court has personal jurisdiction over the individual defendants. This Court can only assert personal jurisdiction over the individual defendants if permitted under District of Columbia law. Crane v. Carr, 814 F. 2d 758, 762 (D.C. Cir. 1987). As fully explained in Defendants' Motion to Dismiss, the District of Columbia long-arm statute and the Due Process Clause requirements are not met in this case for any of the individual defendants.

Because Bivens suits are brought against government officials in their individual, rather than official capacities, personal jurisdiction over the individual defendants is required to maintain a Bivens claim. See Robertson v. Merola, 895 F. Supp. 1, 3 (D.D.C. 1995); Deutsch v. U.S. Dept. of Justice, 881 F. Supp. 49, 52 (D.D.C. 1995), aff'd, 93 F.3d 986 (D.C. Cir. 1996). In the instant case, plaintiff's complaint and opposition do not establish proper personal jurisdiction in the United States District Court for the District of Columbia under the long-arm statute, D. C. Code § 13-423. Crane v. Carr, 814 F. 2d 758, 762 (D.C. Cir. 1987). The defendants are obviously outside the "long arm" of this statute.

### B.     Plaintiff Has Not Perfected Service Against Defendants Ramirez or Yark

In this case, defendant "Ramirez" and "Yark" were never served with a copy of the summons and complaint in their official (or individual) capacity in accordance with Rule 4(i)(2)(A) of the Federal Rules of Civil Procedure.  See Docket No. 9.  As to defendant A.W. Yark, although a summons and complaint was sent certified mail to USP Atlanta, it is unclear who signed for the certified mail receipt, as this defendant is not a recognizable employee of the Federal Bureau of Prisons.  See Brinker-Fornshill Decl.

As stated in Rule 4(m), if service of the summons and complaint is not made upon defendant within 120 days of the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific time.  Plaintiff filed this action against the defendants on November 17, 2005.  The 120-day deadline expired on March 19, 2006.  Plaintiff has failed to show good cause why he has not served these defendants.  Therefore, these defendants should be dismissed.

### C.     Plaintiff Has Not Perfected Proper Service Against the Individual Federal Defendants

Plaintiff has failed to perfect proper service on the individually-sued defendants.  Because Bivens suits are suits against government officials in their individual, rather than their official capacities, personal jurisdiction over the individual defendants is a necessary prerequisite for this Court to entertain a Bivens claim against them.  See Deutsch v. U.S. Dept. of Justice, 881 F. Supp. 49, 52 (D.D.C. 1995); Delgado v. Bureau of Prisons, 727 F. Supp. 24 (D.D.C. 1989); Lawrence v. Acree, 79 F.R.D. 669, 670 (D.D.C. 1978); Simpkins v. District of Columbia

Government, 108 F.3d 366, 369 (D.C. Cir. 1997). It is well established that, in an action against a federal employee in his or her individual capacity, the individually-sued defendant must be served with process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Id. Rule 4(e) provides that service is effectuated by complying with the laws of the state for such in which the district court is located by delivering a copy of the summons and complaint to the defendant (or his appointed agent) personally, or by leaving copies thereof at the defendant dwelling house or usual place of abode with some person of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e). The SCR-Civil 4(e)(2) allows for service upon individuals by first class, certified or registered mail. Actual notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-sued defendant. Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982); See also Stafford v. Briggs, 444 U.S. 527 (1980).

In this case, plaintiff served the individual defendants at their place of employment via U.S. mail, not with someone authorized to accept service for them in their individual capacities. Service at the defendants' place of employment is not proper service. Because the record in this action is devoid of any evidence of proper personal service upon the federal defendants in their individual capacities, this action cannot proceed against them individually and all claims against the individual defendants should be dismissed.

### D.     The Case Must Be Dismissed or Transferred for Improper Venue

Plaintiff has provided no evidence that any of the federal defendants reside in the District of Columbia, none of the events giving rise to the claim occurred within the District of Columbia, and plaintiff does not reside in the District, therefore, venue is improper in the District

of Columbia pursuant to 28 U.S.C. § 1391(b) and Meyer v. Reno, 911 F. Supp. 11, 15 (D.D.C. 1996). Plaintiff's complaint involves allegations related to his legal materials that took place in Georgia and West Virginia, not in the District of Columbia. This case should therefore be dismissed under Rule 12(b)(3), Federal Rules of Civil Procedure.

    E.    **Failure to Exhaust Administrative Remedies**

As explained in detail in defendants' motion to dismiss, plaintiff has failed to exhaust his administrative remedies with regard to the claims raised in this lawsuit. Exhaustion of all stages of the administrative remedy system is mandatory before a federal action may be commenced by a prisoner. 42 U.S.C. § 1997e(a). Plaintiff failed to follow the Bureau of Prisons' three-level administrative remedy procedure set out at 28 C.F.R. § 542.10 *et seq.*, which provides formal review of any complaint which relates to any aspect of the inmate's confinement.

In Booth v. Churner, 532 U.S. 731 (2001), the Supreme Court held that the PLRA requires exhaustion of all administrative remedies, regardless of whether the administrative process provides the particular relief sought by plaintiff. The Prison Litigation Reform Act of 1995 provides that:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

See also Gibbs v. Bolden, 151 F. Supp. 2d 854, 857 (E.D. Mich. 2001) (to exhaust administrative remedies under the PLRA, prisoner must file grievance against the person he ultimately seeks to sue). This legislation was enacted to make the exhaustion provisions mandatory rather than directory. "Exhaustion is now required for all action[s] . . . brought with respect to prison conditions, whether under § 1983 or any other Federal law." Porter v. Nussle, 534 U.S. 516

(2002) (internal quotations and citations omitted).  The exhaustion doctrine "enables the agency to develop a factual record, to apply its expertise to the problem, to exercise its discretion, and to correct its own mistakes, and is credited with promoting accuracy, efficiency, agency autonomy, and judicial economy."  Christopher W. v. Portsmouth Sch. Comm., 877 F.2d 1089, 1094 (1st Cir. 1989) (citing McKart v. United States, 395 U.S. 185, 194 (1969)).

Thus, if a prisoner fails to exhaust available administrative remedies, his civil action must be dismissed.  Jenkins v. Haubert, 179 F.3d 19, 28-29 (2d Cir. 1999).  See e.g., United States v. Flanagan, 868 F.2d 1544, 1546-47 (11th Cir. 1989) (prisoner's claim that his pre-sentence custody should have been credited against his sentence was not properly before the court because prisoner failed to exhaust administrative remedies available through federal prison system before seeking judicial review).

Even where there is partial exhaustion, dismissal of a case is appropriate.  In Booth v. Churner, 532 U.S. 731, 741 (2001), the inmate plaintiff exhausted his grievance at the first level, but failed to complete all three levels of the Pennsylvania grievance process.  The Supreme Court upheld the district court's dismissal of the case for failure to exhaust administrative remedies.  Moreover, where an inmate includes multiple issues concerning his prison conditions, "the plain language of [42 U.S.C.] § 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims."  Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000).  See also, Smeltzer v. Hook, Civ. No. 4:02-CV0137 *6 (W.D. Mich. Aug. 29, 2002) ("Section 1997e(a) provides, 'No action shall be brought with respect to prison conditions under section 1983 of this title. . .until such administrative remedies as are available are exhausted.'  By using the word 'action' instead of 'claim,' Congress indicated that a prisoner is required to exhaust all claims

before his action may proceed. . . . 'Had Congress intended to permit the piecemeal adjudication of claims relating to prison conditions, the statute would have precluded the bringing of unexhausted claims rather than action.")

Plaintiff in this case fails to allege or demonstrate in his complaint, or in his opposition to defendants' motion to dismiss, that he fully exhausted his administrative remedies through the Bureau of Prisons grievance process on all of the claims now before the court prior to bringing suit. Plaintiff has filed one administrative remedy claim relevant to this lawsuit regarding his medical care at USP Atlanta. See Brinker-Fornshill Decl. Plaintiff failed to properly file his requests for administrative remedy regarding his medical care at USP Hazelton or his challenge to the medical co-pay system, thereby failing to follow the requirements clearly detailed in 28 C.F.R. § 542.15(a). Where, however, plaintiff has properly filed his remedies, they were accepted, investigated, and responded to. Clearly, Plaintiff has managed to properly file requests for administrative remedy relief. This demonstrates not only his knowledge of how to exhaust, but also exhibits his ability to do so.

The current case is the precise type of situation in which exhaustion is required. Proper exhaustion would permit plaintiff to fully articulate his complaint, as well as allow the Bureau of Prisons the opportunity to appropriately respond and address any concerns regarding conditions of confinement and appropriate medical care, without prematurely requiring court involvement. Plaintiff has clearly circumvented the intent and the requirements of the PLRA by not fully exhausting his administrative remedies before seeking injunctive relief. He should not be rewarded for doing so by having the Court reach the merits of his complaint. To permit plaintiff to proceed will encourage him and other inmates to attempt to circumvent the PLRA's mandatory

exhaustion requirement by simply raising similar allegations and asking for immediate injunctive relief. No such exception to the PLRA exists and the court should dismiss this action.

    **F.**    **Plaintiff Failed to Raise a Fifth/Eighth Amendment Claim**

Due to the numerous fatal deficiencies in plaintiff's complaint, the Court need not go further than these deficiencies in dismissing the complaint. However, should the court inquire into the allegations raised by the plaintiff with regard to the Inmate Co-payment Program, defendants state that plaintiff has failed to assert any specific grounds for challenging the policy's validity or provide any factual basis which would indicate that defendants violated his Fifth or Eighth Amendment rights.

## Conclusion

Because venue in this court is improper, the Court lacks personal jurisdiction over any of the individual defendants, plaintiff has not exhausted his administrative remedies, and defendants have not been properly served in their individual capacities, the Court should dismiss this action due to fatal procedural flaws. Plaintiff has presented no evidence to overcome the numerous deficiencies in his complaint.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

_____I certify that on the 15th day of May, 2006, I served a copy of the foregoing by first-class mail, postage prepaid on:

Frank Skinner
#02727-025
Hazelton USP
P.O. Box 450
Inmate Box No. 2000
Bruceton Mills, WV 26525

\_\_\_\_/s/_____
John F. Henault
Assistant United States Attorney