UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

WASHINGTON D.C. DIVISION

**RECEIVED**

MAY 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| FRANK A. SKINNER ) | CIVIL ACTION NO. 05-2237(RWR) |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA,et.al. ) | F.R.C.P., Rule 37 |
|     Defendant. ) | |

MOTION TO COMPEL

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

    Comes now Frank A. Skinner in pro se for Motion To Compel Memorandum of Points And Authorities pursuant Fed. R. Civ. P., Rule 37(a) (B) and state the following:

    Plaintiff upon reasinable notice to the party and all affected thereby move for an order compelling disclosure or discovery. On March 22, 2006 submitted motions under Rule 34, Production of Documents for Inspection, also included under Rule 35 a Court Order Examination, or alternative In Camera Review. The defendants fail to respond that inspection will be permitted as request.

**Characterized Rule 12/Rule 56**

    Thus, defendants having file a Motion to Dismiss with matters outside the pleading, the motion shall be treated as one for summary judgment. In accordance to **<u>Fox v. Strickland</u>** 837 F.2d 507 (D.C. Cir. 1988) Pro se, plaintiff fulfuled his obligations under

the Federal Rules of Civil Procedure and the local rules of this Court. When interwined with merits in a case on issues of failure to exhaust administrative remedies. The Court must controvert 1 a Rule 12 motion disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material pertinent to such motion. In determining jurisdiction of federal court, Rule 12(b)(1) motion need not be change to Rule 56 motion since court may look to affidavits, depositions and other extra-pleading material in determining it's own jurisdiction (**D.C. National Policy**), and court may not provide nonmovant benefit of favorable influences, but must determine whether, based on all its submissions to court, nonmovant has borne it's burden of demonstrating entitlement to federal forum. **Pelham v. United States Of America**, 661 F. Supp. 1063 (D.C. NJ 1987). denying the governments motion to dismiss in light of new law.

### Affidavit 56(f) Factor

In civil as in criminal litigation, the government may strike forceful blows, so long as they are struck within the rules. Here, the government went to far, frustrating appellants legitimate discovery initiatives by playing keepaway. The district court should not have countenanced, much less rewarded, such dubions conduct, reverse and granting relief pursuant Rule 56(f). **Resolution Trust Corp. v. North Bridge Assocs,** 22 F.3d 1198 (1994). **Black Panthers Party v. Smith**, 661 F.2d 1243 (D.C. Cir 1981). Appellants responded with affidavit of counsel under Rule 56(f) starting they need further discovery. This action detailed affidavits satisfy factors to each

---

1. Court will accept as true facts alleged in complaint, affidavit, and counteraffidavit which are uncontroverted by opposing party. **Rusack v. Harsha**, 470 F.Supp. 285 (M.D.Pa.1978)

individual official toward Federal Question that incorporate both penal institutions. Although the defendants motion raise argumental grounds to no triable genuine issue, **"It is unclear if the tort claim has been resolve."** Def. Mt. to Dismiss or Transfer, pg. 3 at 21. Therefore, representation for defendants Official capacity by the Federal Tort Claims Act standard lacks discovery and should be denied. **Khan v. Parsons Global Servs**, 428 F.3d 1079(D.C. Cir. 2005). On appeal, the Khans contend that the district court abused its disretion by granting summary judgment without permitting discovery requested under Fed. R. Civ. P. 56(f). They maintain that abuse of discretion is manifest where a motion for summary judgment is filed at the outset of a case prior to any discovery, key facts are in the defendant's exclusive possession, and the plaintiff's submit affidavits describing the discovery they seek. We remand declining to interpret the regulatory statue not before us.

When Rule 56(f) functions properly, it ensures that, in the mine-run of cases, a litigant who fails to answer potentially relevant discovery requests on schedule will be unable to demand summary judgment until after he remedies his failure. **Bane v. Spencer**, 393 F.2d 108, 109(1st Cir. 1968) cert. denied, 400 U.S. 866, 27 L.Ed 2d 105, 91 S.ct. 108(1970) 10A Federal Practice Procedure, Supra § 2741, at n. 2(collecting cases holding that a grant of summary judgment with discovery outstanding constitutes clear error).

## CONCLUSION

A Motion To Compel can be rendered moot because of the absence to a Rule 56(f) request for added discovery. **Carr v. Castle**, 337 F.3d 1221 (10th Cir.2003). The burden met from these affidavits support in question admissible evidence by motion to compel.

3

<u>Greenberg v. Food & Drug Admin.</u>, 775 F.2d 1169(D.C. Cir. 1985). If Inadequate discovery is called to the District Court attention opposing summary judgment, party need not file affidavit Rule 56(f) but failure to rule on plaintiff motion to compel deprive the right necessary justifying facts. <u>Snook v. Trust Co. of Georgia, N.A.</u> 859 F.2d 865(1988, CA 11 Ga) holding discovery process.

I <u>FRANK A. SKINNER</u>, certify in good faith, efforts conferred or attempted to confer with the party failing to make discovery, to secure information or material without court action.

Execute this <u>12TH</u> day of <u>May</u> 2006.

Respectfully Submitted,

FRANK A. SKINNER
REG. NO. 02727-025
USP-HAZELTON
OFFICIAL P.O. BOX 450
INMATE BOX 2000
(SKYVIEW)
BRUCETON MILLS, WV 26525