UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRANK A. SKINNER** ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 05-2237 (RWR) |
| ) | |
| v. ) | |
| ) | |
| **USA**, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' MOTION TO STAY DISCOVERY**

Federal defendants, the United States of America, the Federal Bureau of Prisons ("BOP"), and the ten individual BOP defendants named in their official and personal capacities: Harley Lappin, BOP Director; Mr. Ramirez, BOP Clinical Director; Kim White, BOP Mid-Atlantic Regional Director; G. Maldonado, Warden USP Atlanta; A.W. Yark[1]; Mahmoud Ittayem, Supervisory Physician Assistant USP Atlanta; Richard Craig, Correctional Counselor USP Atlanta; Al Haynes, Warden USP Hazelton; Vandhna Puri Sharma, Health Services Administrator USP Hazelton; and Harold Boyles, Assistant Health Services Administrator USP Hazelton, hereby respond to plaintiff's motion to compel and move this Court to stay discovery in this case. Plaintiff, *pro se*, alleges constitutional violations under Bivens against the individual defendants in their official and individual capacities.[2]

---

[1] The Federal Bureau of Prisons does not have an employee named A.W. Yark. See Declaration of Renee Brinker-Fornshill.

[2] Defendants Lappin, Ramirez, White, Maldonado, Yark, Ittayem, Craig, Haynes, Sharma, and Boyles appear in their official capacities only. By way of this motion to stay discovery, the individual federal defendants submit that they have not waived any defense or defenses available to them under Fed. R. Civ. P. 12 or otherwise, including immunity from suit.

Plaintiff filed his complaint on November 17, 2005. Defendants filed a motion to dismiss the case on April 10, 2006. Plaintiff filed his opposition April 18, 2006. Defendants then filed a reply in support of their motion to dismiss on May 15, 2006. Plaintiff alleges in his current motion to compel that "on March 22, 2006 submitted motions under Rule 34, Production of Documents for Inspection, also included under Rule 35 a Court Order Examination, or alternative In Camera Review." Defendants have never received a copy of any of these documents and there is no ECF filing to indicate that plaintiff attempted to file any of these documents with the court.

Additionally, defendants asserted numerous defenses in the motion to dismiss and in the reply, including but not limited to, qualified immunity. Discovery is premature at this time. The Supreme Court has consistently cautioned that courts handling <u>Bivens</u> cases should resolve issues of qualified immunity before allowing any discovery. <u>See, e.g.</u>, <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 816 (1982). Resolving the immunity issues first allows insubstantial <u>Bivens</u> claims to be terminated quickly, thus effectuating the immunity protection of the individuals. <u>See</u> <u>Butz v. Economou</u>, 439 U.S. 478, 507-508 (1978). Because plaintiff is incarcerated, and is proceeding *pro se*, defendants have not obtained his position as to the relief requested. See Local Rule 7(m).

**ARGUMENT**

As a general matter, the Court has broad discretion to deny or limit discovery in order to protect a party from undue burden or expense, and to promote a case's efficient resolution. <u>See</u> Fed. R. Civ. P. 26(c); <u>see</u>, e.g., <u>Brennan v. Local Union No. 639</u>, 494 F.2d 1092, 1100 (D.C. Cir. 1974); <u>Brune v. IRS</u>, 861 F.2d 1284, 1288 (D.C. Cir. 1988); <u>Gallella v. Onassis</u>, 487 F.2d 986, 997 (2d Cir. 1973). Such an order may provide, *inter alia*, that discovery not be had, that it be

delayed, or that it be had only by a method other than that selected by the asking party. Fed. R. Civ. P. 26(c)(1)-(3). Given this broad discretion, the Court "should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979); accord Laborers Int'l Union of North America v. Department of Justice, 772 F.2d 919, 921 (D.C. Cir. 1984).

It is entirely appropriate for a Court to stay discovery, where there is a dispositive motion pending because it is logical that

> when, as here, the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions.

O'Brien v. Arco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1969); see also Founding Church of Scientology v. United States Marshals Service, 516 F. Supp. 151, 156 (D.D.C. 1980); Equal Employment Opportunity Comm'n v. Local Union No. 3, 416 F. Supp. 728, 738 (N.D. Cal.1975) (discovery stayed pending resolution of jurisdiction question); Cannon v. United Ins. Co. of Am., 352 F. Supp. 1212, 1214-15 (D.S.C. 1973) (inappropriate to order extensive discovery pending resolution of jurisdiction). Further, where, as here, one or more issues may be dispositive of a case, it is proper to stay discovery on other issues until the dispositive issue or issues have been decided. See, e.g., Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1291 (5th Cir.) (district court did not abuse discretion in staying discovery until motion for change of venue was resolved), cert. denied, 513 U.S. 926 (1994); Ingram Corp. v. J.R. McDermott & Co., 698 F.2d 1295, 1304 n.13 (5th Cir. 1983); Abraham v. Volkswagen of Am., Inc., 795 F.2d 238, 246 (2d Cir. 1986) (courts should determine jurisdiction before conducting discovery); Thompson v. F.W. Woolworth Co., 508 F. Supp. 520, 521 (N.D. Miss. 1980) (no discovery until question of personal jurisdiction

resolved).

In <u>Bivens</u> litigation in particular, it is commonplace to stay discovery until the qualified immunity claims have been resolved.  E.g., <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 816 (1982).  As the Supreme Court recognized, qualified immunity "is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."  <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985).  Importantly, the Supreme Court has long admonished that the question of qualified immunity "should be resolved at the earliest possible stage of a litigation."  <u>Anderson v. Creighton</u>, 483 U.S. 635, 646 n. 6 (1987).

Critical for present purposes, the Supreme Court has cautioned that until the "threshold immunity question is resolved, discovery should not be allowed."  <u>Harlow</u>, 457 U.S. at 818.  As the Supreme Court later emphasized, "[u]nless the plaintiff's allegations state a violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."  <u>Mitchell</u>, 472 U.S. at 526.

Indeed, our Court of Appeals issued a stay of proceedings and a writ of mandamus in a case in which the District Court had ordered an evidentiary proceeding prior to resolving the qualified immunity issues before it.  See <u>Fludd v. United States Secret Service</u>, 771 F.2d 549 (D.C. Cir. 1985).  In that case the plaintiff contended that the individual defendants, agents of the United States Secret Service, had violated his Fourth Amendment rights in their service on him of a subpoena for a handwriting exemplar.  <u>Id.</u> at 550.  After the individual defendants moved to dismiss or for summary judgment on qualified immunity grounds, the Court deferred resolution of the qualified immunity issue.  <u>Id.</u> at 552.  Instead of ruling on immunity first, the Court

ordered a factual hearing on the authority of the property owner to give consent to enter. Id. When the Court declined to reconsider its decision to hold an evidentiary hearing before resolving qualified immunity, the D.C. Circuit issued a writ of mandamus directing the cancellation of the evidentiary hearing. Id.

In explaining its decision to issue the extraordinary writ, the D.C. Circuit relied heavily on the Supreme Court's then "recent" pronouncement in Harlow. 771 F.2d at 552. The D.C. Circuit quoted Harlow extensively, including the passage noting that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." 771 F.2d at 553, quoting 457 U.S. at 818. Although the court observed that an evidentiary hearing is not always forbidden, it issued the writ because this Court had "exceeded the permissible limits of such a hearing." 771 F.2d at 554.

With this backdrop, defendants seek a stay of all discovery proceedings until this Court rules on defendants' dispositive motion and addresses their entitlement to qualified immunity.

Respectfully submitted,

\_\_\_/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

\_\_\_/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 307-1249
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 24th day of May 2006, I caused the foregoing motion

to be served on plaintiff *pro se* and addressed as follows:

Frank Skinner
#02727-025
Hazelton USP
P.O. Box 450
Inmate Box No. 2000
Bruceton Mills, WV 26525

___/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney