## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

FRANK A. SKINNER,                          )
                                           )
        Plaintiff,                         )
                                           )
    v.                                     )        Civil Action No. 05-2237 (RWR)
                                           )
UNITED STATES OF AMERICA, *et al.*,        )
                                           )
        Defendants.                        )
_____              )

## MEMORANDUM  OPINION

This matter is before the Court on defendants' motion to dismiss or, in the alternative, to transfer this action. Having considered the parties' submissions, the Court will transfer this action to the United States District Court for the Southern District of Illinois.

### I.  BACKGROUND

Plaintiff alleges that, while exercising in the gym at the United States Penitentiary in Atlanta, Georgia ("USP Atlanta"), he sustained "a personal injury to [his] testicles – groin area and leg – left side." Compl. at 2a.[1] Generally, he alleges that officers and staff of the Federal Bureau of Prisons ("BOP") failed to provide adequate medical treatment for his injury, not only while plaintiff was incarcerated at USP Atlanta, but also after his April 2005 transfer to the United States Penitentiary in Bruceton Mills, West Virginia ("USP Hazelton"). *Id.* In addition, plaintiff challenges a BOP policy pursuant to which inmates are charged for medical service. *Id.* He brings this action against the United States of America under the Federal Tort Claims Act

_____

[1] Plaintiff uses a 3-page preprinted form for his complaint. Between pages 2 and 3 of the preprinted form, plaintiff inserts a page, which the Court designates as page 2a.

-2-

("FTCA"), *see* 28 U.S.C. §§ 2671 *et seq.*, and against BOP officials and staff both in their

official capacities and in their individual capacities pursuant to *Bivens v. Six Unknown Agents of*

*Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *Id.* at 3 & Attach. (June 13, 2005 letter

acknowledging receipt of Administrative Tort Claim Number TRT-MXR-2005-03222).  He

demands monetary damages of $1 million.  *Id.* at 3.

## II.  DISCUSSION

Plaintiff names ten individuals as defendants to this action.  With the exception of BOP's

Director, Harley Lappin, none of these defendants appears to have any professional or personal

connection with the District of Columbia.  Rather, these defendants work at BOP offices or

correctional facilities in Annapolis Junction, Maryland, Atlanta, Georgia, or Bruceton Mills,

West Virginia.

### A.  Service of Process

Defendants argue that service has not been perfected against defendants Ramirez or Yark[2]

in their official capacities, and that service has not been perfected on any of the individual

defendants in their individual capacities.  Defs.' Mot. at 10-12.  Accordingly, pursuant to Rule

12(b)(4) of the Federal Rules of Civil Procedure, defendants move to dismiss the complaint as

against defendants Ramirez and Yark in their official capacities, and as against all these

defendants in their individual capacities for lack of service of process.  *See id.* at 5, 11.

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action.  He relies, then, on the

Clerk of Court and the United States Marshals Service to effect service on his behalf.  *See* 28

---

[2]    Defendants have no record of a BOP employee "by the name of A.W. Yark" or an
employee "with the title and name 'Asst. Warden Yark.'"  Defs.' Mot., Declaration of Renée
Brinker Fornshill ("Fornshill Decl.") ¶ 4.

–3–

U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2).  No *pro se* plaintiff who depends on the Clerk of Court

and the United States Marshals Service to effect service of process should be penalized for a

court officer's failure or mistake in properly effecting service of process.  *See Mondy v. Secretary*

*of the Army*, 845 F.2d 1051, 1060 (D.C. Cir. 1988) (MacKinnon, J. concurring).  Accordingly,

the Court will deny defendants' motion to dismiss for defective service of process.

### B.   *Personal Jurisdiction*

Defendants argue that plaintiff fails to allege "facts necessary to substantiate *in personam*

jurisdiction in this Court."  Defs.' Mot. at 6.  Pursuant to Rule 12(b)(2) of the Federal Rules of

Civil Procedure, they move to dismiss all the individual defendants in their individual capacities

from this suit.  *Id.* at 7.

A District of Columbia court may exercise personal jurisdiction over a person who is

"domiciled in, organized under the laws of, or maintaining [a] principal place of business in, the

District of Columbia as to any claim for relief."  D.C. Code § 13-422.  All the individual

defendants are BOP employees, and none is alleged to be domiciled in the District of Columbia.

*See* Compl. at 2-2a.  Although BOP's Director "works in the District of Columbia[, he] resides

outside the District."  Fornshill Decl. ¶ 4.

The Court engages in a two-part inquiry in order to determine whether it may exercise

personal jurisdiction over a non-resident defendant.  First, the Court must determine whether

jurisdiction may be exercised under the District's long-arm statute.  *GTE New Media Serv., Inc.*

*v. Bell South Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).  Second, the Court must determine

whether the exercise of personal jurisdiction satisfies due process requirements.  *Id.* (citing

*United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995)).

– 4 –

Under the District's long-arm statute, a District of Columbia court may exercise personal jurisdiction over a non-resident defendant who either (1) transacts any business in the District, (2) causes tortious injury in the District by an act or omission in the District, or (3) causes tortious injury in the District "by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia."[3]  D.C. Code § 13-423(a) (2001).  Plaintiff bears the burden of establishing that personal jurisdiction under the long-arm statute exists "by demonstrating a factual basis for the exercise of such jurisdiction over the defendant."  *Novak-Canzeri v. Saud*, 864 F.Supp. 203, 205 (D.D.C. 1993) (citing *First Chicago Int'l v. United Exchange Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988)).  Plaintiff does not meet his burden.

Plaintiff does not allege that these defendants transact any personal business in the District of Columbia.  Although persistent conduct undertaken in a person's individual capacity may constitute the transaction of business for purposes of the long-arm statute, *see Pollack v. Meese*, 737 F.Supp. 663, 666 (D.D.C. 1990), the complaint sets forth no allegations that these defendants have any personal connection with the District of Columbia.  The mere fact that these defendants are employees of BOP, the headquarters office of which is in the District of Columbia, does not render them subject to suit in their individual capacities in the District of Columbia.  *See Stafford v. Briggs*, 444 U.S. 527, 543-45 (1980) (absent minimum contacts other than those arising from federal employment, court may not exercise personal jurisdiction over

---

[3]       The District's long-arm statute sets forth alternative bases for long-arm jurisdiction.  *See* D.C. Code § 13-423(a).  None of these alternatives is relevant in this case.

–5–

federal official in his individual capacity).

Finally, the complaint alleges no facts to establish that plaintiff suffered any injury in the District of Columbia. The actual injuries of which plaintiff complains occurred in Georgia and West Virginia. Regardless of whether these defendants acted in or outside of the District of Columbia, plaintiff suffered no injury here. Even if service of process on these defendants were perfected, the Court concludes that it lacks personal jurisdiction over defendants Lappin, Ramirez, White, Maldonado, Yark, Ittayem, Craig, Hayes, Puri and Boyles in their individual capacities.

### C. Claims Under the Federal Tort Claims Act

The Federal Tort Claims Act ("FTCA") grants federal district courts jurisdiction over claims arising from certain torts committed by federal employees in the scope of their employment.[4] *See* 28 U.S.C. § 1346. In addition, the FTCA waives the sovereign immunity of the United States for tort liability only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

#### 1. The United States of America is the Sole Defendant to an FTCA Claim

Only the United States can be a defendant to a claim under the FTCA. 28 U.S.C. § 2679(a); *see, e.g., Cox v. Sec'y of Labor*, 739 F.Supp. 28, 29 (D.D.C. 1990). Neither a

---

[4]    Defendants submit a Certification that the named federal defendants "were acting within the scope of their employment as employees of the United States at the time of the alleged incidents" set forth in plaintiff's complaint. Defs.' Mot., Attach. (Certification of Rudolph Contreras, Chief of the Civil Division, Office of the United States Attorney for the District of Columbia) at 1.

-6-

government agency nor an individual government employee can be sued under the FTCA. *See* 28 U.S.C. § 2679(a), (b)(1). Accordingly, the Court will grant defendants' motion to dismiss all FTCA claims as against BOP and all the individual defendants for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### 2. Sovereign Immunity Bars Constitutional Claims Brought Under the FTCA

The FTCA does not waive the United States' sovereign immunity for constitutional torts that may be committed by its employees. *Meyer v. Fed. Bureau of Prisons*, 929 F.Supp. 10, 13 (D.D.C. 1996); *Kline v. Republic of El Salvador,* 603 F.Supp. 1313, 1316-17 (D.D.C. 1985); *see* 28 U.S.C. § 2679(b)(1), (2). To the extent that plaintiff raises claims for defendants' alleged violations of his rights under the Eighth Amendment to the United States Constitution, the claims must be dismissed. "[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." *Fed. Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 478 (1994); *see Zakiya v. United States*, 267 F.Supp. 2d 47, 56 (D.D.C. 2003) (dismissing prisoner's FTCA claims of alleged deprivation of constitutional rights).

### D.  Transfer for Improper Venue

"Courts in this jurisdiction must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia. By naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).

In a civil action where the Court's jurisdiction is not based solely on diversity of citizenship, as in this case, venue is proper in "(1) a judicial district where any defendant resides,

– 7 –

if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).  Under these criteria, venue in this district is not proper.  Not all of the defendants reside in the same state, and a substantial part of the events or omissions giving rise to plaintiff's *Bivens* claims occurred elsewhere -- in the Northern District of Georgia where USP Atlanta is located, and in the Northern District of West Virginia where USP Hazelton is located.

An FTCA action against the United States "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."  28 U.S.C. § 1402(b).  "Under the prevailing interpretation of section 1402(b), venue is proper in the District of Columbia if sufficient activities giving rise to plaintiff's cause of action took place here." *Franz v. United States*, 592 F.Supp. 374, 378 (D.D.C. 1984).  The location of the agency's headquarters office does not establish venue in this district.  *See Bartel v. Federal Aviation Admin.*, 617 F.Supp. 190, 199 (D.D.C. 1985) (District of Columbia location of headquarters irrelevant to determining proper venue for FTCA claim, where plaintiff resided in Maryland and no events occurred in District of Columbia).

The alleged events giving rise to plaintiff's FTCA claim also occurred elsewhere – in the Northern District of West Virginia where USP Hazelton is located.  *See* Compl., Attach. (June 13, 2005 letter from M. Callahan, Assistant Regional Counsel, BOP, acknowledging receipt of plaintiff's "administrative tort claim for alleged personal injury at USP Hazelton, West Virginia").

It is clear that venue in the District of Columbia is not proper for plaintiff's *Bivens* claims

− 8 −

or his FTCA claim.  Notwithstanding the filing of these claims in the wrong district, the Court

will deny defendants' motion to dismiss under Rule 12(b)(3) of the Federal Rules of Civil

Procedure for improper venue.  Rather, in the interest of justice, the Court will transfer this

action.  *See* 28 U.S.C. § 1404(a).

The Court's docket reflects that plaintiff's current place of incarceration is the Federal

Correctional Institution in Greenville, Illinois ("FCI Greenville").  Given the likelihood that

relevant medical records accompanied plaintiff to FCI Greenville, and given the difficulty of

transferring plaintiff for purposes of pursuing this litigation, the Court concludes that transfer to

the United States District Court for the Southern District of Illinois is appropriate.  *See Starnes v.

McGuire*, 512 F.2d 918, 930-31 (D.C. Cir. 1973) (en banc).

### III.   CONCLUSION

For the reasons stated above, the Court will deny defendants' motion to dismiss, and will

grant their motion to transfer.  An appropriate Order accompanies this Memorandum Opinion.

Signed this 6th day of March 2007.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge